# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

F. PETER PEARSON,

              Plaintiff,

    v.

SONNET TRUCKING, INC. et al.,

              Defendants.

Civil Action

No. 09-5917

July 19, 2011

## <u>MEMORANDUM ORDER</u>

On December 11, 2009, plaintiff F. Peter Pearson filed a complaint alleging that he was injured as a result of the negligence of defendants Willie Fountain and Sonnet Trucking, Inc. ("Sonnet Trucking"). The defendants did not file responsive pleadings with the court. In September 2010, Pearson requested that a default be entered against all defendants. Docket No. 8. The clerk entered default against Fountain and Sonnet Trucking on September 21, 2010. Presently before the court is Pearson's request, dated January 10, 2011, that default judgment in the amount of $500,000 be entered against all defendants. Docket No. 11-1 ¶ 13.

I.      **Background**[1]

On December 12, 2007, Pearson was operating a forklift at Rockwell

Transportation Services in Southampton, Pennsylvania.  Compl. ¶ 7.  He was using the

forklift to load pallets on a truck when "the truck crept away from the loading dock,

causing . . . Pearson to fall to the ground with his forklift between the truck and the

loading dock."  Compl. ¶¶ 7–8.  Sonnet Trucking owned the truck that "crept away" and

Fountain was responsible for operating the truck at the time of the incident.  Compl. ¶¶

8–9.  Pearson alleges various acts of negligence committed by Sonnet Trucking and

Fountain, and that Pearson sustained severe injuries as a result of the incident.  Compl. ¶¶

11–34.

II.     **Discussion**

This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because diversity of

citizenship exists between the parties and the amount in controversy exceeds $75,000.

Venue is proper under 28 U.S.C. 1391(a) because the event giving rise to Pearson's cause

of action transpired in this judicial district.

A.  Service of Process

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter, upon

application by a plaintiff, a default judgment against the defendant.  *See* Fed. R. Civ. P.

---

[1] Since defendants have not filed any pleadings in this case, the facts are derived from Pearson's complaint.

2

55(b)(2). A district court may not enter a default judgment unless it is satisfied that it has personal jurisdiction over the defendant. *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1992). A prerequisite to the court's acquiring personal jurisdiction over the defendant is proper service on the defendant of the summons and complaint. *Grand Entm't Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993).

Rule 4(e)(2) provides that a plaintiff may serve a defendant by (1) delivering a copy of the summons and complaint in person, (2) leaving a copy of each at the defendant's dwelling with "someone of suitable age and discretion who resides there," or (3) by delivering a copy of each to the defendant's authorized agent. Pearson did not serve the defendants by any of these methods, so he did not effectuate proper service under Rule 4(e)(2).

Rule 4(e)(1) states that a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." A corporation may be served in the same manner. Fed. R. Civ. P. 4(h)(1)(A). In this case, Pearson is entitled to use either the laws of Pennsylvania, where this court is located, or Florida, where he attempted service on both defendants. Under Pennsylvania and Florida law, a plaintiff may properly serve process upon a defendant by certified mail. Pa. R. Civ. P. 403; Fla. R. Civ. P. 1.070(i).

In this case, it is not readily apparent that service was properly effectuated

pursuant to either Pennsylvania or Florida law. Pearson stated that he mailed the summons and a copy of the complaint to the defendants via certified mail on December 18, 2009. Docket No. 8-1 ¶ 2. In support, he attached two certified mail return receipts. Docket No. 8-1, at 3. The return receipts bear the same physical address and were respectively addressed to (1) Daveson W. Buchanan, registered agent of Sonnet Trucking, and (2) Willie Fountain c/o Daveson W. Buchanan. *Id.* Both bear the signature of Audrey Scott,[2] and they were both dated December 23, 2010. *Id.*

In Pennsylvania, proper service of process by mail "requir[es] a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. In Florida, a defendant must affirmatively accept service of process by mail. Fla. R. Civ. P. 1.070(i). A defendant accepts service by returning a waiver of service of the summons to the plaintiff; if the defendant does not waive service, he may incur the cost of effectuating service upon him. *Id.* In this case, the court cannot determine whether Pearson has met the requirements of Pennsylvania or Florida law because Pearson has not told the court what relationship, if any, Ms. Scott has with Sonnet Trucking or Fountain. This omission is critical because Pearson "has the burden of proving proper service of process" since he is "invoking the court's jurisdiction." *Sunseeker Int'l Ltd. v. Devers*, 50 So.3d 715, 717 (Fla. Dist. Ct. App. 2010); *see also City of Philadelphia v. Berman*, 863 A.2d 156, 160 (Pa. Commw.

---

[2] Pearson spells Ms. Scott's name as "Scot," Docket No. 8-1 ¶ 2; however, it appears from Scott's signatures on the mail receipts that her name is spelled "Scott."

Ct. 2004) ("[T]he return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure."). The only thing the return receipts prove is that a person in Ocala, Florida, named Audrey Scott received process. *See Goodmann v. Hasbrouck Heights Sch. Dist.*, 275 F. App'x 105, 108 (3d Cir. 2008) (holding, in the context of New Jersey law, that a signature for the receipt of process is insufficient to show valid service of process when no evidence shows that the individual who signed was the defendant's authorized agent).

B.  Remedy

If Pearson demonstrates that service was properly perfected upon the defendants, there remains the issue of remedy. Pearson asks the clerk of the court to "enter judgment by default . . . against all defendants in the amount of $500,000 pursuant to Rule 55(b)(1)." Docket No. 11-1 ¶ 13. Rule 55(b)(1) states a clerk may enter judgment for a specific amount when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Becase Pearson's complaint requests damages to compensate him for past and future medical expenses, pain, and suffering, his request is not for a sum certain, and must be evaluated under Rule 55(b)(2), not (b)(1). Under Rule 55(b)(2), this court possesses the authority, prior to entering default judgment, to conduct hearings to determine damages, "establish the truth of any allegation," or to "investigate any other matter." In this case, Pearson does not offer any evidence in support of an award amounting to $500,000 beyond a conclusory affidavit asserting that $500,000 is the

5

proper amount.  The court finds this submission inadequate, and instructs Pearson or his

counsel to submit an affidavit justifying this figure and explaining how it was calculated.

*See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009)

("[D]efaults are treated as admissions of the facts alleged, but a plaintiff may still be

required to prove that he or she is entitled to the damages sought.").

## III.  Conclusion

For the preceding reasons, the plaintiff is hereby **ORDERED** to furnish the court

with additional evidence (1) establishing that the defendants were properly served, and

(2) supporting the award of a judgment in the amount of $500,000.


BY THE COURT:

 /s/ Louis H. Pollak
Pollak, J.