IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F. PETER PEARSON,<br><br>                Plaintiff,<br><br>        v.<br><br>SONNET TRUCKING, INC. et al.,<br><br>                Defendants. | Civil Action<br><br>No.  09-5917 |

**MEMORANDUM AND ORDER**

In this diversity case, in which plaintiff F. Peter Pearson of Pennsylvania seeks to sue Sonnet Trucking, Inc. and Willie Fountain, both of Florida, for personal injury, the Clerk of this court, on plaintiff's motion, entered default against defendants on September 21, 2010, no defendants' appearances, and no responses to plaintiff's complaint, having been filed.  On January 10, 2011, plaintiff Pearson moved for entry of default judgments against both defendants in the amount of $500,000.

On July 19, 2011, the court ordered Pearson to submit additional evidence establishing, *inter alia*, that defendants were properly served by mail under Pennsylvania or Florida law.  As evidence of service of process, Pearson had submitted with his complaint an affidavit by his attorney, Michael R. Paglione, stating that the summons and

1

a copy of the complaint had been served upon defendants by certified and regular mail. Attached to Paglione's affidavit were copies of the back sides of two certified mail receipts for articles of mail addressed to: 1) Daveson W. Buchanan, Registered Agent, Sonnet Trucking, Inc.; and 2) Willie Fountain, c/o Daveson W. Buchanan, Registered Agent, Sonnet Trucking, Inc. Both receipts bore the signature "Audrey Scott."

In its July 19, 2011 order, the court explained, as follows, its determination that the affidavit and certified mail receipts were, without more, insufficient to establish that defendants had been properly served:

> Rule 4(e)(1) [of the Federal Rules of Civil Procedure] states that a person may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." A corporation may be served in the same manner. Fed. R. Civ. P. 4(h)(1)(A). In this case, Pearson is entitled to use either the laws of Pennsylvania, where the court is located, or Florida, where he attempted service on both defendants.
> 
> . . .
> 
> In Pennsylvania, proper service of process by mail "require[es] a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. In Florida, a defendant must affirmatively accept service of process by mail. Fla. R. Civ. P. 1.070(i). A defendant accepts service by returning a waiver of service of the summons to the plaintiff; if the defendant does not waive service, he may incur the cost of effectuating service of process upon him. *Id*. In this case, the court cannot determine whether Pearson has met the requirements of Pennsylvania or Florida Law because Pearson has not told the court what relationship, if any, Ms. Scott has with Sonnet Trucking or Fountain.

2011 WL 2923689, at *1-2 (July 19, 2011).

In his response to the court's July 19, 2011 order, Pearson submitted a

memorandum explaining that Scott is "an employee of Sonnet Trucking, Inc. apparently authorized to accept [certified mail] deliveries." Pearson also stated that "Scott resided with Mr. Buchanan [the addressee of the certified mail] at the time service was effectuated."

Pearson has not established that he has served Fountain or Sonnet Trucking in compliance with either Florida or Pennsylvania law. There is no indication that either Fountain or Sonnet Trucking complied with Rule 1.070(i)(2) of the Florida Rules of Civil Procedure by executing and returning a waiver of service of the summons. Additionally, Pearson has not submitted any evidence that Scott was "an officer or managing general agent of the defendant[s] or other agent authorized by appointment or law to receive service of process" on behalf of either Fountain or Sonnet Trucking, within the meaning of Rule 1.070(i)(2). *See id.* Nor has Pearson shown that either Fountain or Sonnet Trucking had authorized Scott to act as an agent for purposes of accepting service of process—as opposed to accepting certified mail deliveries—within the meaning of Rule 403 of the Pennsylvania Rules of Civil Procedure. *See City of Philadelphia v. Berman*, 863 A.2d 156, 161 (Pa. Commw. Ct. 2004) (holding that where service of process is made on an agent, the agent must have express authority to accept such service); *McKinnis v. Hartford Life*, 217 F.R.D. 359, 361 (E.D.Pa. 2003) (plaintiff did not prove service made on authorized agent of corporation where nothing in record indicated the position or type of employment of the employee who signed certified mail receipt).

Because Pearson has not demonstrated that either Fountain or Sonnet Trucking has been properly served under federal, Pennsylvania, or Florida law, Pearson's motion for default judgement against both defendants must be denied.

## III.    Order

**AND NOW**, this 27th day of January 2012, upon consideration of Plaintiff's application for entry of a default judgment, and for the above-stated reasons, it is hereby **ORDERED** that:

>   (1) plaintiff's application for entry of a default judgment against defendants Willie Fountain and Sonnet Trucking is DENIED without prejudice.

BY THE COURT:

/s/ Louis H. Pollak
Louis H. Pollak, J.
